Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail:  anna.park@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> DEL TACO, LLC, AND  DOES 1-10, INCLUSIVE, <br><br> Defendants. | Case No. <br><br> **COMPLAINT** <br> • **CIVIL RIGHTS** <br> • **EMPLOYMENT DISCRIMINATION** <br><br> **(42 U.S.C. §§2000e, et seq.)** <br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Charging Party Katelyn Mejia (hereinafter "Charging Party") and a class of similarly aggrieved individuals who were adversely affected by such practices. As set forth with greater particularity in paragraphs 16 to 25 of this Complaint,

1  Plaintiff U.S. Equal Employment Opportunity Commission asserts that Defendant
2  Del Taco, LLC subjected Charging Party and a class of similarly aggrieved
3  individuals to sexual harassment due to their sex, female, retaliated against, and
4  constructively discharged in violation of Title VII.

5                         **JURISDICTION AND VENUE**

6        1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,
7  1331, 1337, 1343 and 1345.

8        2.      This action is authorized and instituted pursuant to § 706(f)(1) and
9  (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-
10 5(f)(1) and (3), ("Title VII") and § 102 of the Civil Rights Act of 1991, 42 U.S.C.
11 § 1981(a).

12       3.      The employment practices alleged to be unlawful were committed
13 within the jurisdiction of the United States District Court for the Central District
14 of California.

15                              **PARTIES**

16       4.      Plaintiff U.S. Equal Employment Opportunity Commission (Plaintiff'
17 or the "Commission") is an agency of the United States of America charged with
18 the administration, interpretation and enforcement of Title VII and is expressly
19 authorized to bring this action by§706(f)(1) and (3) of Title VII, 42 U.S.C. §
20 2000e-5(f)(1) and (3).

21       5.      At all relevant times, Defendant Del Taco, LLC has continuously been
22 a California corporation doing business in Los Angeles County, State of California,
23 and has continuously had at least fifteen (15) employees.

24       6.      At all relevant times, Defendant Del Taco, LLC has continuously been
25 an employer engaged in an industry affecting commerce within the meaning of
26 Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h).

27       7.      All of the acts and failures to act alleged herein were duly performed
28 by and attributable to all Defendant(s), each acting as a successor, agent, alter ego,

1  employee, indirect employer, joint employer, integrated enterprise and/or under the

2  direction and control of the others, except as specifically alleged otherwise.  Said

3  acts and failures to act were within the scope of such agency and/or employment,

4  and each Defendant participated in, approved and/or ratified the unlawful acts and

5  omissions by the other Defendants complained of herein.  Whenever and wherever

6  reference is made in this Complaint to any act by a Defendant or Defendants, such

7  allegations and reference shall also be deemed to mean the acts and failures to act

8  of each defendant acting individually, jointly, and/or severally.

9      8.   Plaintiff is ignorant of the true names and capacities of each

10  Defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues

11  said defendant(s) by fictitious names.  The Commission reserves the right to amend

12  the complaint to name each DOE defendant individually or corporately as it

13  becomes known.  Plaintiff alleges that each DOE defendant was in some manner

14  responsible for the acts and omissions alleged herein and Plaintiff will amend the

15  complaint to allege such responsibility when the same shall have been ascertained

16  by Plaintiff.

17              **STATEMENT OF CLAIMS**

18      9.   More than thirty days prior to the institution of this lawsuit, Charging

19  Party filed a charge of discrimination with the Commission alleging violations of

20  Title VII by Defendant Del Taco, LLC (hereinafter "Defendant" or "Del Taco").

21      10.   Subsequent to Charging Party's filing of the charge of discrimination,

22  the Commission investigated her allegations against Defendant.

23      11.   On June 7, 2018, the Commission issued to Defendant a Letter of

24  Determination finding reasonable cause to believe that Charging Party was

25  sexually harassed due to her sex, female, was retaliated against, and was

26  constructively discharged in violation of Title VII.  The Commission further made

27  like and related findings of reasonable cause to believe that a class of individuals

28  were also sexually harassed due to their sex, female, and were constructively

1  discharged in violation of Title VII.  The Commission further invited Defendant to
2  join with the Commission in informal methods of conciliation to endeavor to
3  eliminate the discriminatory practices and provide appropriate relief.

4      12.    The Commission engaged in communications with Defendant to
5  provide Defendant with the opportunity to remedy the discriminatory practices
6  described in the Letter of Determination.

7      13.    The Commission was unable to secure through informal methods of
8  conciliation from Defendant a conciliation agreement acceptable to the
9  Commission.

10     14.    On August 10, 2018, the Commission issued to Defendant a Notice of
11  Failure of Conciliation.

12     15.    All conditions precedent to the initiation of this lawsuit have been
13  fulfilled.

14     16.    Since at least 2014, Defendant has engaged in unlawful employment
15  practices in violation of §§ 703(a)(1) and 704 of Title VII, 42 U.S.C. §§ 2000e-
16  2(a)(1) by subjecting the Charging Party and a class of similarly aggrieved
17  individuals to harassment on the basis of their sex (female), retaliation for
18  complaining about and/or opposing the unlawful employment practices, and
19  constructively discharged.

20     17.    At all relevant times, Defendant has been a company that provides fast
21  food, including restaurant stores in Rancho Cucamonga, Pomona, Ontario and
22  Upland, California.

23     18.    Since at least 2014, Charging Party and class of similarly aggrieved
24  individuals have been subjected to ongoing and unwelcome sexual harassment by
25  at least three male employees (Defendant's Shift Leader, Defendant's General
26  Manager, and co-worker), including but not limited to:

27        a.  Charging Party, who was 16-18 years old at the time she worked
28           for Defendant, was subjected to unwelcome conduct of a sexual

nature by her male Shift Leader. This conduct included but was not limited to sexually harassing comments such as: telling her that she has "dick-sucking lips," "I love you baby," "imagine this sauce with your lips," "69"is his favorite sexual position and wanting to do that with her, "You are pretty," "You are hot," "You are sexy," telling her he had a dream of having sex with her and another female co-worker and telling her it can become a reality, asking her about her sexual activity, and commenting that she has a nice buttock. The Shift Leader also subjected Charging Party to unwelcome physical contact, including but not limited to: grabbing her arm and asking, "Why do you act like you don't want it," touching her lower back and growling in her ear, and putting his hand on her hand.

b. During her employment with Defendant, Claimant 1, who was 17 years old at the time, was also subjected to unwelcome conduct of a sexual nature by her male Shift Leader. This conduct included but was not limited to sexually harassing comments such as: calling her "his girl," telling her that they should get married when she turned 18 years old, telling her to "drop it like it's hot" and "dance for me baby." The Shift Leader also subjected Claimant 1 to unwelcome physical contact, including but not limited to: rubbing her arm as he was telling her that she was doing a good job.

c. During her employment with Defendant, Claimant 2 was also subjected to unwelcome conduct of a sexual nature by her male Shift Leader and her male General Manager. This conduct included but was not limited to sexually harassing comments by her Shift Leader such as: pointing out her buttock and telling her "big

-5-

money," commenting how sexy Claimant 2 and her sister were, and commenting that female customers were his girlfriends and that he would take them home.  The Shift Leader also subjected Claimant 2 to unwelcome physical contact, including but not limited to: placing his hands around Claimant 2 and other female co-workers' hips and hoover over them. Claimant 2 was also subjected to sexually harassing comments and unwelcome physical contact by her General Manager including but not limited to: patting her back and talking to her about a female co-worker's breasts.

d. During her employment with Defendant, Claimant 3 was also subjected to unwelcome conduct of a sexual nature by her male Shift Leader and her male General Manager. This conduct included but was not limited to sexually harassing comments by her Shift Leader and her General Manager such as: commenting that she looked very pretty, telling her female co-worker that she had a nice body. Claimant 3 heard General Manager share about his sex life with the female cashiers during work.

e. During her employment with Defendant, Claimant 4 was also subjected to unwelcome conduct of a sexual nature by her male Shift Leader, her male General Manager, and her male co-worker. This conduct included but was not limited to sexually harassing comments by her Shift Leader such as: quoting vulgar songs to her, telling her to "shake that ass girl" and "back that ass up girl" when she bent over.  The Shift Leader also subjected Claimant 4 to unwelcome physical contact, including but not limited to: brushing against, holding on to her and other female co-workers' hips and shoulders. The Shift Leader also told Claimant 4 to "shake that ass

1    girl" and "back that ass up girl," when she bent over. Claimant 4

2    was also subjected to sexually harassing comments by her General

3    Manager including but not limited to, telling her about his sexual

4    life with his multiple girlfriends. Both her Shift Leader and her

5    General Manager looked at Claimant 4 and her female co-workers

6    up and down to the point she felt uncomfortable and violated. A

7    male co-worker asked Claimant 4 out on dates and invited her to

8    his house.

9    f.  During her employment with Defendant, Claimant 5 was also

10   subjected to unwelcome conduct of a sexual nature by her male

11   Shift Leader and her male General Manager. This conduct included

12   but was not limited to sexually harassing comments by her Shift

13   Leader and her General Manager such as: telling her and other

14   female employees that they were pretty. General Manager also told

15   Claimant 5 "Merry Christmas sexy."

16   19.    The harassment was sufficiently severe or pervasive to alter the

17   conditions of Charging Party's and other adversely affected employees'

18   employment and created a sexually hostile work environment. Charging Party and

19   other adversely affected employees reasonably perceived their work environment

20   to be sexually abusive or hostile work environment.

21   20.    Charging Party and the other adversely affected employees did not

22   welcome the sexual harassment by their Shift Leader, General Manager, and/or co-

23   worker. Charging Party and the other adversely affected employees demonstrated

24   that the sexual harassment was not welcome which included, but was not limited

25   to, voicing their objections or dislike for the sexually harassing conduct,

26   complaining to Defendant's supervisors, Human Resources, Defendant's 1-800

27   hotline, and/or in the case of Charging Party filing a Charge of Discrimination with

28   the EEOC.

21.     Defendant knew or should have known of the sexual harassment of Charging Party and the other adversely affected employees because the Charging Party and other adversely affected employees complained about the sexual harassment to their supervisors, Human Resources, Defendant's 1-800 hotline, and/or to the EEOC, which then notified Defendant about the complaints.

22.     Once Defendant knew or should have known of the sexual harassment of Charging Party and other adversely affected employees, Defendant failed to take prompt and effective remedial action reasonably calculated to end the harassment. Defendant's failures included, but was not limited to: failing to conduct an adequate investigation in response to the complaints, failing to adequately discipline harassing supervisors and/or co-workers, failing to follow complaint procedures and take sexual harassment complaints seriously, and actively deterring employees from making sexual harassment complaints.

23.     Charging Party and adversely affected employees did not unreasonably fail to take advantage of any preventive or corrective opportunities by the employer or unreasonably fail to otherwise avoid harm. The working environment deterred complaints of sexual harassment. Despite the obstacles, numerous complaints were made by Charging Party and other adversely affected employees to supervisors, managers, Human Resources, and/or the EEOC, which then notified Defendant of the complaints.

24.     In response to complaints of sexual harassment, Defendant took retaliatory action against Charging Party, including but not limited to reducing her hours of work in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3.

25.     For some employees, the sexual harassment and retaliatory conduct resulted in their constructive discharge because of the intolerable working conditions created by the hostile work environment. For example, the Charging Party and some of the class of similarly aggrieved individuals were forced to resign because of the sexual harassment.

26.    The effect of the practices complained as described in paragraphs 16 to 25 has been to deprive Charging Party and a class of similarly aggrieved individuals of equal employment opportunities and otherwise adversely affects their status as employees because of their sex (female).

27.    The effect of the practices complained of in paragraphs 16 to 25 above has been to deprive Charging Party and a class of similarly aggrieved individuals of equal employment opportunities and otherwise adversely affects their status as employees because of their engagement in protected activities in opposition to unlawful employment practices.

28.    The unlawful employment practices complained of in paragraphs 16 to 25 above were intentional and caused Charging Party and a class of aggrieved individuals to suffer emotional distress.

29.    The unlawful employment practices complained of in paragraphs 16 to 25 above were done with malice or with reckless indifference to the federally protected rights of Charging Party and a class of aggrieved individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in sexual harassment, retaliation, and any other employment practice which discriminates on the basis of sex;

B.    Order Defendant to institute and carry out policies, practices, and programs to ensure that it would not engage in further unlawful employment practices in violation of §§ 703(a)(1) and 704 of Title VII;

C.    Order Defendant to make Charging Party and a class of aggrieved individuals whole by providing compensation for past and future pecuniary losses,

including appropriate back pay and front pay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial;

        D.      Order Defendant to make Charging Party and a class of aggrieved individuals whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial;

        E.      Order Defendant to pay Charging Party and a class of aggrieved individuals punitive damages for its intentional, malicious, and reckless conduct described above in an amount to be determined at trial;

        F.      Award the Commission its costs of this action; and

        G.      Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 17, 2018               Respectfully Submitted

                                JAMES L. LEE,
                                Deputy General Counsel

                                GWENDOLYN YOUNG REAMS,
                                Associate General Counsel

                                U.S. EQUAL EMPLOYMENT
                                OPPORTUNITY COMMISSION
                                131 "M" Street, NE.
                                Washington, D.C. 20507

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: _____

ANNA Y. PARK
Regional Attorney

SUE J. NOH
Supervisory Trial Attorney

RUMDUOL VUONG,
Supervisory Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION