1     Anna Y. Park, CA SBN 164242
Nakkisa Akhavan, CA SBN 236260
2     Andrea E. Ringer, CA SBN 307315
U.S. EQUAL EMPLOYMENT
3     OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
4     Los Angeles, CA 90012
Telephone: (213) 894-1083
5     Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov
6
    *Attorneys for Plaintiff*
7     U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
8
9     Andrew L. Satenberg, SBN 174840
MANATT, PHELPS & PHILLIPS, LLP
10    2049 Century Park East, Suite 1700
Los Angeles, CA 90067
11    Telephone: (310) 312-4000
Facsimile: (310) 312-4224
12
   *Attorney for Defendant*
13    DEL TACO, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: 5:18-cv-1978 CAS (SPX) |
| Plaintiff, | **AMENDED CONSENT DECREE** |
| KATELYN MEJIA, an Individual, | Honorable Christina S. Snyder |
| Plaintiff/Intervenor | U.S. District Judge |
| vs. | |
| DEL TACO, LLC, AND DOES 1-10, INCLUSIVE, | |
| Defendants. | |

## I.    INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendant Del Taco, LLC (hereinafter "Defendant") (Collectively "Parties") hereby stipulate and agree to entry of this Consent Decree to resolve the Commission's Complaint, <u>U.S. Equal Employment Opportunity Commission, et al. v. Del Taco, LLC</u>, Case No. 5:18-cv-1978 CAS (SPX) (the "Action").  On September 17, 2018, the EEOC filed this Action in the United States District Court, Central District of California, for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") alleging Defendant subjected the Charging Party, which is the Plaintiff-Intervenor in this case, and a class of similarly aggrieved individuals (Charging Party and class of similarly aggrieved individuals, collectively, the "Claimants") to unlawful employment practices, including a sexually hostile work environment and/or retaliation in violation of §§703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a), 2000e-3(a).  Defendant denies, and continues to deny, that it has engaged in any alleged unlawful conduct.

## II.    PURPOSES AND SCOPE OF THE CONSENT DECREE

In the interest of resolving this matter, the Parties agree that this Action should be finally settled by entry of this Consent Decree ("Decree").  This Decree is made and entered by and between the EEOC and Defendant and shall be binding on and enforceable against Defendant and its parents, subsidiaries, officers, directors, agents, successors and assigns.  Unless otherwise noted, the scope of this Decree is company-wide.  The Parties have entered into this Decree for the following purposes:

A.    To provide appropriate monetary and injunctive relief;

B.    To ensure that Defendant's practices comply with Title VII;

C.    To help ensure a work environment free from harassment and

retaliation;

D.    To enhance training for Defendant's managers, supervisors, leads, human resource and other employees with respect to their obligations and rights under Title VII;

E.    To review and, if necessary, update Defendant's policies, procedures, and practices regarding employment discrimination, harassment, and retaliation;

F.    To help provide an appropriate and effective mechanism for receiving and handling discrimination, harassment and retaliation complaints in the workplace;

G.    To ensure appropriate record keeping, reporting, and monitoring; and

H.    To avoid the time, expense, and uncertainty of further litigation.

## III.  RELEASE OF CLAIMS

The Parties agree that this Decree completely and finally resolves all claims made in this Action.  Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that Defendant fails to comply with the terms of this Decree.  Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII or any other federal employment statute.  This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendant other than the claims brought in this Action.

## IV.  JURISDICTION

The Court has jurisdiction over the parties and the subject matter of this Action.  The Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.  The terms and provisions of this Decree are fair, reasonable and just.  This Decree conforms to the Federal Rules of Civil Procedure and Title VII and does not derogate the rights or privileges of

any person.  The entry of this Decree will further the objectives of Title VII and be in the best interests of the Parties.  The Court shall retain jurisdiction over this Action for the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to fully implement the relief provided herein.

## V.    EFFECTIVE DATE AND DURATION OF DECREE

The provisions and agreements contained herein became effective on the date which this Decree was entered by the Court ("Effective Date").  The Court entered the Consent Decree on November 30, 2020, which provided that the Decree was in effect for three (3) years after the Effective Date.

The Parties have since stipulated to extend the Decree.  (ECF No. 62).  On November 22, 2022, the Court ordered that the Decree be extended again and the Court would retain jurisdiction over the Decree until its termination on November 20, 2024.  (ECF No. 63). Between November 20, 2023, and November 20, 2024, Defendant remains bound by Section XI.F, as well as Sections VII, X, XII, and XIII, to the extent they relate to obligations under Section XI.F of the Decree. (*Id.*).

On September 18, 2024, the Parties stipulated to amend Section XVI of the Decree to add subsection E (Confidentiality) and extend the Decree until May 30, 2025, to allow additional time for Defendant to complete its training obligations, as set forth in Section XI.F.6 below.

## VI.   COMPLIANCE AND DISPUTE RESOLUTION

If the EEOC has reason to believe that Defendant has failed to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce the Decree.  Before filing such an action, the EEOC shall notify Defendant, in writing, of the provision(s) with which the EEOC believes Defendant has violated or breached.

The EEOC may immediately initiate an enforcement action in this Court for non-compliance related to non-payment of monies under this Decree. For issues other than non-compliance related to non-payment of monies, Defendant shall have thirty (30) days from the date of notice ("Dispute Resolution Period") to resolve or cure the breach absent a showing by the EEOC that the delay will cause substantial harm. The parties may agree to extend this period upon mutual consent. The Parties agree to cooperate with each other and use their best efforts to resolve any dispute raised by the EEOC. After the Dispute Resolution Period, if the Parties have not reached a resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute.

Should the Court determine that Defendant has not complied with this Decree, in whole or in part, it may impose all available relief, including but not limited to, an extension of the term of the Decree and payment of the EEOC's costs and attorneys' fees incurred in securing compliance with the Decree.

## VII. MODIFICATION AND SEVERABILITY

This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each Party.

If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes. If the Parties are unable to reach agreement, the Court shall order the appropriate alternative provisions necessary to effectuate the purposes of the Decree. Should one or more provisions of this Decree be deemed unlawful, all other provisions shall remain in full force and effect.

By mutual agreement of the Parties, subject to the Court's approval, this

Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

## VIII. MONETARY RELIEF

A. Total Settlement Amount

In settlement of this lawsuit, Defendant shall pay a total of $1,250,000.00 ("Total Settlement Amount") in monetary relief. The EEOC has full and complete discretion under the terms of the Decree to determine who is entitled to monetary relief, the amount, and the characterization of such payment, if any, to the Claimants. The EEOC shall determine who is a Claimant based on the EEOC's assessment of their facts and damages under Title VII.

B. Monetary Relief for Identified Claimants

The EEOC shall provide Defendant with a Distribution List designating each Identified Claimant's monetary relief, the name and address to which each Identified Claimants' monetary relief shall be delivered, and the characterization of the monetary relief.

Within twenty (20) days of receiving EEOC's Distribution List, Defendant shall send a check via mail to the Identified Claimants pursuant to the Distribution List. For monetary relief characterized as back pay, Defendant shall pay the employer's portion of all deductions required by law, including but not limited to FICA and FUTA taxes, and such amounts shall not be deducted from payment of the monetary settlement amounts to the Identified Claimants. In addition, Defendant, as appropriate, shall prepare and distribute an IRS form 1099 or equivalent tax reporting forms to the Claimants identified by the EEOC for all monies, if any, paid to them as compensatory damages. For any amount designated as non-wage compensation, no tax withholdings shall be made. Defendant shall make all appropriate reports to the Internal Revenue Service and other tax authorities.

Within five (5) business days of mailing the aforementioned payments and

tax forms, Defendant shall submit copies of the checks, tax forms, and any related correspondence to the EEOC.

Within fifteen (15) business days of the issuance of any W-2 or 1099 form, Defendant shall provide a copy of the related correspondence to the EEOC.

C.    Claims Process for Unidentified Eligible Claimants

Within thirty (30) days of the Effective Date, Defendant shall hire and appoint a specific professional individual or organization ("Claims Administrator"), approved by the EEOC (not to be unreasonably withheld), to oversee the payment of the Class Fund for Unidentified Eligible Claimants as designated by the EEOC pursuant to this Decree.

If the Claims Administrator initially appointed thereafter declines to serve or to carry out its duties under this Decree, Defendant shall have five (5) business days to notify the EEOC in writing of the need for a replacement Claims Administrator.  EEOC shall provide Defendant with three (3) new Claims Administrators from which Defendant shall select a replacement. Defendant shall pay all costs associated with the selection and retention of the Claims Administrator as well as the performance of the Claims Administrator's duties under this Decree.

D.    Claims Notice Process

    1.    *List of Potential Claimants*

Within sixty (60) days of the Effective Date, Defendant shall provide to the Claims Administrator a list of all current and former employees that worked at Store Nos. 137 and 221 between 2014 and the present ("Potential Claimants"). The list provided by Defendant shall include the current or former employee's name, sex, dates of employment, and last known mailing address(es), phone number(s), and email address(es) (if email addresses are  available).

    2.    *Claims Notice*

Within ninety (90) days of the Effective Date, the Claims Administrator shall:

a.    Determine the validity of each Potential Claimant's most recent contact information, including their mailing address and email address;

b.    Send a Notice Letter (collectively, "Claims Notice") via electronic mail and via certified mail (1) instructing the Potential Claimant when and how to complete an on-line questionnaire; (2) notifying the Potential Claimant that the EEOC will review the on-line questionnaire to determine if she or he is an Eligible Claimant; (3) notifying the Potential Claimant that Eligible Claimants may receive monetary relief; (4) providing the Potential Claimant with the opportunity to seek assistance in completing the on-line questionnaire; and (5) providing contact information for the EEOC.

c.    Within ten (10) business days of mailing each Notice Letter, the Claims Administrator shall provide to the EEOC certification that the Claims Administrator mailed a questionnaire and Notice Letter to each such potential claimant.

d.    Any Potential Claimant whose Notice Letter is not returned as undeliverable shall have ninety (90) days from the date of mailing to submit a completed questionnaire.

e.    the Claims Administrator shall instruct the USPS to notify the Claims Administrator of any undeliverable Notice Letters.  For letters returned as undeliverable, within twenty (20) days of any questionnaire and/or Notice Letter being returned to sender as undeliverable, the Claims Administrator shall:

i.    research such Potential Claimant's most-recent contact information, including phone number, email address and mailing address,

[PROPOSED] CONSENT DECREE

and further use its best efforts, including a search of a database such as Accurint, to locate such employee;

          ii.     if the Claims Administrator finds more recent contact information, resend the Notice Letter to the new address; and/or

          iii.     if the Claims Administrator fails to find a more recent address for any such employee, the Claims Administrator shall notify the EEOC and describe its efforts to locate such employee(s).  The EEOC will attempt to find a good address for the Potential Claimant.  If a new or different address is located by the EEOC, the Claims Administrator shall re-mail the Notice Letter in accordance with this section within ten (10) days of receipt of the new address from the EEOC.

          f.     Any Potential Claimant whose Notice Letter was re-mailed in accordance with the procedures above shall have ninety (90) days from the date of the remailing to submit a completed questionnaire. The EEOC, in its discretion, can extend the time for submission by a Potential Claimant in the interest of equity and justice.

          E.     <u>Claims Distribution Process</u>

At thirty (30) day intervals after sending the first Notice Letters, the Claims Administrator shall provide the EEOC electronic access to the questionnaires filed on-line. The Claims Administrator shall provide the EEOC with a copy of the questionnaires submitted by mail in the event a Potential Claimant is unable to submit an on-line questionnaire. Defendant shall ensure that the Claims Administrator works with the EEOC to identify qualifying Eligible Claimants in accordance with the EEOC's criteria.

The EEOC shall have the sole discretion to determine who is an Eligible Claimant and the amount and characterization of any payment, if any, to the Claimants.  Payment, if any, to Eligible Claimants shall be triggered by the EEOC's issuance to Defendant and/or the Claims Administrator of a Distribution

List.  The EEOC's Distribution List shall detail the amount to be designated to each Eligible Claimant, the characterization of the monies to be paid, the address, and other appropriate information.  For monetary relief characterized as back pay, Defendant shall pay the employer's portion of all deductions required by law, including but not limited to FICA and FUTA taxes, and such amounts shall not be deducted from payment of the monetary settlement amounts to the Identified Claimants.  In addition, the Claims Adminstrator, as appropriate, shall prepare and distribute an IRS form 1099 or equivalent tax reporting forms to the Claimants identified by the EEOC for all monies, if any, paid to them as compensatory damages.  For any amount designated as non-wage compensation, no tax withholdings shall be made.  Claims Administrator shall make all appropriate reports to the Internal Revenue Service and other tax authorities, with respect to payments to the Eligible Claimants.

Within twenty (20) days of receipt of the EEOC's Distribution List, the Claims Administrator shall send the checks via mail to each Eligible Claimant at the address provided by the EEOC in its Distribution List(s).

Within five (5) business days of mailing the aforementioned payments, the Claims Administrator shall submit copies of the checks and any related correspondence as well as a report regarding the mailing of the checks to the EEOC.  If any such check is returned, known to be lost or destroyed, or not cashed within 180 days, the Claims Adminstrator shall notify the EEOC within ten (10) business days of gaining such knowledge, and the EEOC shall attempt to obtain the information necessary to deliver reissued checks, which the Claims Adminstrator shall re-mail within five (5) business days of obtaining updated information from the EEOC.  In the alternative, the Claims Administrator or the Defendant can provide a rolling report on a quarterly basis from the first distribution until the Funds have all been disbursed as set forth below.

[PROPOSED] CONSENT DECREE

The Claims Administrator shall prepare and distribute W-2 and 1099 reporting forms to each Eligible Claimant and shall make any appropriate reports for each to the Internal Revenue Service and other tax authorities.  Defendant shall be solely responsible for any costs associated with issuing and distributing W-2s and 1099s to Identified Claimants. Within fifteen (15) business days of the issuance of any W-2 or 1099 form, the Claims Administrator shall provide a copy of the related correspondence to the EEOC.

At least every thirty (30) days after the Claims Administrator issues checks pursuant to the Distribution List(s), the Claims Administrator shall identify all checks issued, all checks cashed, the funds remaining in the class fund, and all check not negotiated and/or returned non-negotiated to the Claim Administrator, to enable the parties to track remaining funds for redistribution.  In the event there is a question regarding whether a check has been negotiated, Defendant and the Claims Adminstrator will work with the EEOC to determine when payment was rendered, including providing a copy of the canceled check.

On a quarterly basis throughout the duration of this Decree, the Claims Adminstrator will notify the EEOC of the remaining amount available out of the Gross Sum.  The EEOC will provide a final distribution list should there be any remaining funds.

## IX.  CLAIMANT SPECIFIC INJUNCTIVE RELIEF

Within sixty (60) days of the Effective Date of this Decree, Defendant shall:

A.    remove from the personnel files of each Identified Claimant any references to the charges of harassment filed against Defendant or the Claimant's participation in this Action;

B.    to the extent that Defendant must keep records of the charges of discrimination or any Claimant's involvement in the Action by law or in order to

effectuate this Decree, such records must be maintained separately from Claimants' personnel files;

      C.    refrain from providing negative references about Claimants, and direct all reference inquiries to a Human Resources ("HR") representative, who will provide a neutral employment reference, limited to verifying whether the identified Claimant was employed by Defendant, the last position in which the Claimant was employed, and the duration of employment with Defendant; and

      D.    to the extent that a Claimant continues to work for Defendant, ensure that the Claimant does not suffer discrimination, harassment, or retaliation;

      E.    ensure that the Claimants, including former employees, are not prohibited from applying for re-employment with Defendant.

## X.    GENERAL INJUNCTIVE RELIEF

    A.    <u>Non-Discrimination and Non-Retaliation</u>

        1.    *Non-Discrimination*

    Defendant, its parents, subsidiaries, directors, officers, agents, management (including all supervisory and lead employees), successors, assigns, and all those in active concert or participation with them, or any of them, shall be enjoined from engaging in sexual harassment and sex based harassment in violation of Title VII.  Such employment practices include: (a) discriminating against persons in violation of Title VII, including sexual harassment; (b) engaging in or becoming a party to any action, policy or practice that discriminates against any person in violation of Title VII, including sexual harassment; or (c) creating, facilitating, or permitting a hostile work environment in violation of Title VII, including on the basis of sex.

        2.    *Non-Retaliation*

    Defendant, its parents, subsidiaries, directors, officers, agents, management (including all supervisory and lead employees), successors, assigns,

and all those in active concert or participation with them, or any of them, shall be enjoined from engaging in, implementing, or permitting any action, policy or practice that retaliates against any current or former employee or applicant because he or she has: (a) opposed any practice that he or she believed to be discriminatory, harassing or retaliatory in violation of Title VII; (b) filed a charge of discrimination alleging such a practice; (c) testified or participated in any manner in any investigation (including any internal investigation undertaken by Defendant), proceeding in connection with this case and/or relating to any claim of a Title VII violation; (d) was identified as a possible witness or claimant in this Action; (e) asserted any rights under this Decree; (f) sought and/or received any relief in accordance with this Decree; or (g) is associated with an employee who has engaged in the activities set forth above.

## XI.  SPECIFIC INJUNCTIVE RELIEF

A.  Equal Employment Opportunity Monitor

Within thirty (30) days after the Effective Date, Defendant shall retain an external Equal Employment Opportunity Monitor ("Monitor") of Defendant's choosing, and with the EEOC's approval (not to be unreasonably withheld), to monitor Defendant's compliance with Title VII and this Decree.  The Monitor shall have demonstrated experience in the area of employment discrimination and sexual harassment issues.  In the event the Monitor can no longer perform its responsibilities, the Monitor shall immediately notify Del Taco and the EEOC, and Del Taco shall select a replacement with the approval of the EEOC (not to be unreasonably withheld).  Except as otherwise set forth herein, Defendant shall bear all costs associated with the selection and retention of the Monitor and the performance of the Monitor's duties.  For the term of the Decree, the Monitor's responsibilities shall include:

1.  Reviewing and, if necessary, revising Defendant's equal

employment policies and procedures, including its complaint procedures relating
to harassment, discrimination and retaliation, to ensure that Defendant complies
with Title VII and this Decree;

2.    Ensuring that Defendant disseminates written information to
all employees regarding its complaint procedures;

3.    Ensuring that all employees are trained pursuant to this
Decree, and answering employee questions or concerns regarding the content of
the trainings;

4.    Ensuring that all HR employees have the requisite skill level to
effectuate the requirements of Title VII and of this Decree and that they
promptly investigate all complaints of discrimination, harassment and retaliation
and take appropriate prompt preventative and corrective action where necessary;

5.    Evaluating, monitoring, and providing feedback to Defendant
regarding complaints and investigations of discrimination, harassment or
retaliation to ensure compliance with Title VII and this Decree;

6.    Ensuring that Defendant properly communicates with
complainants as required by this Decree;

7.    Ensuring that Defendant creates and maintains a centralized
system of tracking discrimination, harassment and retaliation complaints, as
required by this Decree;

8.    Ensuring that Defendant holds all employees accountable for
failing to take appropriate action after receiving information or allegations
regarding discrimination, harassment or retaliation, or for engaging in conduct
prohibited under Title VII or this Decree;

9.    Conducting a review of complaints of sexual harassment
and/or retaliation made in the 180 days before the Effective Date and provide
guidance to Defendant on the handling of these prior complaints.  The scope of

the review is to be determined by the Monitor;

10. Conducting audits, as set forth below, to ensure that Defendant is not tolerating harassment, discrimination, retaliation;

11. Preparing the reports described in Section XII on Defendant's compliance with Title VII and this Decree and ensuring that Defendant accurately compiles and timely submits all reports as required by this Decree;

12. Monitoring current employees that are class members and/or witnesses who participated in this lawsuit to ensure that they have not been subjected to any retaliation or harassment. The Monitor shall contact these individuals as he or she deems necessary;

13. Ensuring that Defendant's HR is accessible for employees to make complaints during normal business hours;

14. Ensuring that Defendant takes appropriate and proportionate preventative and corrective action in response to claims of discriminatory, harassing, or retaliatory conduct; and

15. Further ensuring Defendant's full compliance with the spirit and the letter of the terms of this Decree.

B. Posting

Within ten (10) business days after the Effective Date and throughout the term of this Decree, Defendant shall post a laminated notice ("Notice," attached as "Exhibit A") of the terms of this Decree in clearly visible locations frequented by its employees in each of Defendant's restaurants and its corporate headquarters. The postings shall remain posted for the duration of this Decree. The Notice shall be printed in legible font and posted in language(s) commonly understood by Defendant's employees

C. EEO Compliance Audits

The Monitor shall conduct semi-annual audits at Defendant's restaurants to

ensure that leads, supervisors, and managers are held accountable and to encourage employees to report problems of harassment, discrimination, or related retaliation.  The Monitor shall determine the scope of the audits.  The Monitor will also work with the Defendant to develop mechanisms during the employee offboarding process to determine if they witnessed or experienced harassment, discrimination or retaliation.

As deemed appropriate and necessary by the Monitor, the Monitor shall speak with employees and ensure compliance with anti-harassment and retaliation policies and procedures.  To seek employee input, the audits will be conducted outside the presence of management, supervisors, and leads, without any onsite lead or supervisors' advance knowledge of the audit.  Any conduct signaling a sexual harassment or retaliation issue will be subject to review by the Monitor with Del Taco and prompt and effective remedial action shall be taken where necessary.  Monitor shall conduct additional audits if the Monitor determines there are issues that require a fuller examination.

The results of all audits shall be evaluated by the Monitor and submitted to the EEOC in the semi-annual report as set forth below.  The Monitor's report shall include assessments and recommendations for remedying all identified issues with workplace harassment or discrimination.

D.    Policies and Procedures

Within sixty (60) days after the Effective Date, Defendant with the assistance of the Monitor shall draft or review and then revise, if necessary, its policies and procedures on discrimination, harassment and retaliation ("Final Policy") as described below and provide the EEOC with a copy.  Upon receipt, the EEOC shall have thirty (30) days to review and/or comment on the Final Policy.  If the EEOC does not provide comment within thirty (30) days, Defendant shall distribute the Final Policy to all employees within thirty (30)

[PROPOSED] CONSENT DECREE

days.

Defendant shall disseminate the Final Policy by (a) posting copies in clearly visible areas within Defendant's restaurants and frequented by its employees; and (b) providing copies to each current employee by posting it on Dayforce. For employees hired after the Effective Date, Defendant shall disseminate this information within five (5) days of their hire date. The Monitor shall ensure that Defendant disseminates and publicizes the complaint procedure. Defendant shall have each employee sign a form acknowledging receipt.

The Final Policy shall be written in a clear, easy to understand style and format, in language(s) commonly spoken by Defendant's employees, and be written at a middle-school reading level. At all times, the Final Policy shall, at a minimum, include the following:

1.    A strong and clear commitment to a workplace free of sexual harassment and retaliation;

2.    A clear and comprehensive description of "sexual harassment," both quid pro quo and hostile work environment, including examples of prohibited conduct, tailored to Defendant's workplace, and conduct which, if left unchecked, may rise to the level of unlawful harassment;

3.    A statement encouraging all employees to come forward if they believe that they have experienced or witnessed harassment or discrimination;

4.    A statement encouraging employees to ask questions, share concerns and provide information about potential discrimination, harassment or retaliation to Defendant, such as by (1) informally sharing information with the HR Department, or (2) participating candidly in investigations of potential discrimination, harassment or retaliation;

[PROPOSED] CONSENT DECREE

5.      Assurance that Defendant shall hold all employees, including management, supervisory, lead and HR employees, accountable for engaging in conduct prohibited under Title VII or this Decree, including but not limited to sexual harassment, retaliation, and inappropriate sexual conduct, and a description of the possible consequences up to and including termination, which shall be noted in the employee's personnel file; and

6.      Assurance that Defendant shall hold all management, supervisory, lead and HR employees accountable for failing to take prompt appropriate action upon receiving information regarding discrimination, harassment, or retaliation in the workplace, and a description of the consequences for those that fail to adhere to reporting steps, which shall be noted in the employee's personnel file;

7.      A description of the steps management must take if they witness and/or become aware of complaints of discrimination, harassment or retaliation;

8.      A statement of commitment to maximally feasible confidentiality of the complainant, alleged victims, alleged harassers, witnesses and other relevant individuals, and the investigation;

9.      An assurance that persons who complain about harassment they experienced or witnessed and persons who provide information relating to such complaints will not be subject to retaliation;

10.      A statement that the sexual harassment policy applies to all persons, including managers, supervisors, lead employees, vendors, suppliers, third parties, customers, and HR employees;

11.      A clearly described complaint process that provides accessible and confidential avenues of complaint and the name (if applicable), address, direct telephone number, and email address of persons both internal (i.e. HR

department and Hotline, managers) and external to Defendants (i.e. EEOC) to whom employees may report harassment and retaliation, as well as a written statement that employees may report the discriminatory behavior to any manager, supervisor, lead, or HR employee verbally or in writing;

12.     A statement that employees are not to engage in or discuss sexual conduct and/or sexual jokes at work;

13.     A complaint process that provides a prompt, thorough and impartial investigation; and

14.     A procedure for communicating with the complainant in writing regarding the status of the complaint/investigation, results of the investigation, and any remedial action taken.

The internal complaint procedure shall incorporate the following elements:

1.     A policy describing how investigations will be conducted;

2.     A prompt commencement and thorough and objective neutral investigation shall be conducted by a person trained to conduct such investigations within Defendant's HR Department, or a hired professional trained to conduct such investigations;

3.     A statement that an investigation shall include interviews of all relevant witnesses, including the complainant, and reviews of all relevant documents;

4.     A statement that the nature of the complaint will determine the scope of the investigation;

5.     A written record of all investigatory steps, and any findings and conclusions, and any actions taken;

6.     Communication with the complainant in writing regarding the status of the complaint, investigation, results of the investigation and any remedial action taken;

[PROPOSED] CONSENT DECREE

7.     An opportunity for the complainant to review and respond to tentative findings, except in those circumstances in which it is necessary to take immediate action;

8.     An appeal procedure to the Monitor, should the Complainant be dissatisfied with the results of the investigation; and

9.     The Monitor shall review and monitor the complaints to evaluate whether the complaints were properly handled.  The Monitor may follow-up with complainants  to ensure that there is proper handling of complaints.  The Monitor will report to the EEOC on the monitoring results.

The internal complaint procedure shall also contain the following elements:

1.     A statement that an employee who believes that he or she has suffered or witnessed discriminatory, harassing, or retaliatory conduct may file an internal complaint verbally or in writing by (a) contacting the HR Department via the toll-free phone number and/or email address; (b) contacting the employee's assigned Regional HR Manager via phone or email; (c) contacting the Hotline; or (d) contacting any managerial, supervisory, lead, or HR employee.  No special forms are required to file a complaint;

2.     A statement that any lead, supervisory, managerial, or HR employee who observes or otherwise obtains information regarding discrimination, harassment or retaliation must document the information and notify in writing the assigned Regional HR Manager within five (5) days;

3.     A statement that the internal complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment or retaliation under any available municipal, state, or federal law. The procedures shall provide contact information for EEOC and state and local Fair Employment Practice (FEP) agencies;

4.    A statement that it is unacceptable to retaliate against any employee for use of the Internal Complaint Procedure or for assisting in the investigation of a complaint; and

5.    A statement that if an allegation of sexual harassment or retaliation against an employee is substantiated, then such conduct will result in immediate proportionate discipline, up to and including discharge.

E.    <u>Hotline</u>

Within thirty (30) days after the Effective Date, Defendant shall create a Hotline to report complaints of sexual harassment and retaliation ("Hotline"), to the extent it does not already have one. The Hotline shall be given to all new employees and made clear that the Hotline is accessible online and via telephone, 24-hours per day and is available in language(s) commonly used by Defendant's employees. The Monitor shall ensure that it is expressly communicated that the Hotline can be used for complaints of sex harassment and/or retaliation complaints.

The Hotline shall operate seven days per week, 24 hours per day. Defendant with the Monitor shall ensure that all Hotline inquiries and response times are tracked and logged by Defendant. Once a complaint is received, Defendant will contact the complainant within 24 hours, and then follow the internal complaint procedure. The Monitor shall review and evaluate the Defendant's effectiveness and responsiveness to a Hotline complaint.

To the extent it has not already done so, Defendant shall distribute the Hotline information to all employees, including management, supervisory, lead and HR employees within thirty (30) days by posting the information on Dayforce and physically in each restaurant. Defendant shall provide the Hotline to employees hired after the Effective Date within five (5) days of their hiring date. The Monitor shall work with Defendant to ensure that the Hotline

[PROPOSED] CONSENT DECREE

information is disseminated effectively.

The Monitor shall track and evaluate all information received by Defendant regarding alleged discriminatory, harassing, or retaliatory conduct and retain records regarding investigation and resolution of all complaints. The Monitor shall ensure that Defendant complies with this section and publicizes and disseminates contact information for the HR Department and the Hotline

F.    Training

1.    *Guidelines for All Trainings*

All trainings described below shall be mandatory for all employees for the duration of the decree. All persons shall verify their attendance in writing. Defendant shall maintain records of which employees completed the training for the duration of the Decree.

Within sixty (60) days after the Effective Date, Defendant shall submit to the EEOC a description of the trainings to be provided, name and contact information for the trainer(s) selected, and an outline of the curriculum to the EEOC. The EEOC may provide comment within thirty (30) days of receipt regarding any necessary changes to the training or trainer selected.

The trainings shall occur within sixty (60) days after EEOC's comments on the training curriculum. Trainings may be conducted live or online. Defendant will work with the Monitor on the best approach to making the training effective in its delivery and substance. An EEOC representative may attend any such training, at the discretion of the EEOC. The EEOC may also review training materials used upon request.

Defendant shall begin each training with a short video from a senior executive emphasizing that harassment prevention, civility, and maintaining a respectful workplace are a high priority for Defendant, and that the training is an important component of Defendant's strategy for harassment prevention. The

message shall include a commitment towards accountability to its workforce and the safety of its workforce.  The message shall be provided in language(s) commonly understood by Defendant's employees.

All trainings provided pursuant to this decree shall be live or online and interactive. Defendant will work with the Monitor to best deliver the training which must be interactive.  Examples shall be given of prohibited conduct, tailored to Defendant's workplace, as well as conduct which, if left unchecked, could rise to the level of unlawful harassment or retaliation.

All trainings and training materials shall be provided in language(s) commonly understood by Defendant's employees and be designed to effectively teach employees with a high-school education without prior job experience.

All trainings shall contain a civility component that incorporates ways to prevent harassment, how to stop bullying, bystander intervention, and respect for diversity in the workplace.

Within thirty (30) days of the hire date of any employee hired after the required training, Defendant shall provide an alternative training session that is either (a) live and interactive;  or (b) online with an interactive component.

Defendant shall produce to the EEOC with its semi-annual report documents verifying the occurrence of all training sessions conducted as required under this Decree.  Defendant or the Monitor will identify any managers and supervisor who did not attend the training.  The Monitor shall provide feedback to the EEOC on a semi-annual basis regarding the trainings conducted.

2.    *New Employee Orientation*

Defendant shall provide a brief oral orientation ("Orientation") to all new employees within fifteen (15) days of their hire date.  The Orientation shall emphasize that (a) Defendant is committed to ensuring that its workplace is free of discrimination, harassment and retaliation; (b) that Defendant takes seriously

all allegations of discrimination, harassment and retaliation and encourages
employees to notify HR when they become aware of potentially discriminatory,
harassing and/or retaliatory conduct; (c) that Defendant will take prompt and
proportionate corrective action in response to discrimination, harassment and
retaliation in the workplace; and (d) that Defendant will hold accountable all
managerial, supervisory, and lead, and HR employees that fail to take
appropriate action in response to information regarding potential discrimination,
harassment, or retaliation.   The Orientation shall briefly review Defendant's
complaint procedures, and explain where employees can find additional
information, including the appropriate contact information.

        3.    *Compliance Training*

     Every year, all non-managerial and non-lead employees shall be required to
take a live or online Compliance Training of at least one hour regarding
discrimination, harassment, and retaliation.  Managerial, supervisory, lead, and
HR employees shall not be present during training of non-managerial and non-
lead employees.

     The training under this section shall include review of federal employment
discrimination laws, with a particular emphasis on sexual harassment and
retaliation; employees and employers' rights and responsibilities under Title VII
and this Decree if they experience, observe, or become aware of conduct that
they believe may be harassing, discriminatory, or retaliatory; and Defendant's
Final policy, especially the Internal Complaint Procedure.  The training shall
emphasize Defendant's commitment to ensuring a workplace free of
discrimination, harassment or retaliation and encourage employees that
experience or witness discriminatory, harassing and/or retaliatory conduct to
report it.  The training shall also emphasize the consequences for employees that
engage in prohibited conduct and for managerial, lead, or supervisory employees

that fail to notify the HRs Department upon becoming aware of conduct that may be discriminatory, harassing or retaliatory.

Before concluding the training, Defendant shall provide direct contact information for employees' assigned Regional HR Manager, for the HR Department, and for the Hotline.  Defendant shall also circulate an anonymous evaluation form to be filled out by attendees and  provided to the Monitor.  The Monitor will review the anonymous evaluation forms and make any appropriate recommendations for subsequent trainings.

> 4.    *Management Training*

All managerial, HR, supervisory, and lead employees shall take a separate live or online annual Compliance Training, as outlined in Section F.3, as well as a bi annual Management Training of at least two hours duration. Defendant may split up the Management Training into two sessions.

The Compliance Training under this section shall cover: identification of potential risk factors for harassment and specific actions that may minimize or eliminate the risk of harassment; how to recognize discrimination, harassment, and retaliation; methods for addressing harassment that they observe, that is reported to them, or that they otherwise learn of, including but not limited to how to properly respond to, document and report up the chain of command potential discrimination, harassment, and retaliation, without retaliating; confidentiality rules associated with discrimination, harassment and retaliation complaints; and shall include interaction on how to handle different scenarios, emphasizing accountability of management.

> 5.    *HR Training*

Every two years, all HR employees shall take a live or online Compliance Training, as outlined in Section F.3, of at least two hours duration.  Defendant may split up the HR Training into two sessions.

[PROPOSED] CONSENT DECREE

The first HR Training shall cover: With the assistance of the Monitor, HR employees will train with the Monitor on properly defining the proper scope of an investigation, how to conduct thorough, fair, neutral and prompt investigations of allegations of discrimination, harassment, and retaliation; how to take preventative and corrective measures against discrimination, harassment, and retaliation, including how to respond with proportionate corrective action in response to substantiated harassing conduct or retaliation; how to recognize and stop harassment, discrimination, and retaliation; and how to document investigative steps taken and proper monitoring after an investigation is conducted.   The Monitor shall also discuss this Decree during the training with the HR employees, and that HR employees shall be assisting the Monitoring in assuring compliance with this Decree and that the policies and procedures are carried out. On a semi-annual basis, the Monitor shall evaluate the HR Department's performance and provide feedback directly to Defendant and report the feedback to the EEOC.

After the first training, subsequent trainings shall focus on providing feedback to the HR employees on the investigations on advanced cutting-edge issues relating to discrimination, harassment, and retaliation.

6.      Training Required for Compliance with Decree

Prior to the expiration of the Decree (i.e. May 30, 2025), Defendant will complete the trainings that are currently set to be completed by November 30, 2024.

G.    Performance Evaluations for EEO Compliance

Defendant shall develop, implement, or revise its performance evaluation forms for managers, supervisors, leads, and human resource personnel, to include measures for performance on compliance with Defendant's discrimination, harassment and retaliation policy and procedures.  Supervisory,

managerial and lead employees that become aware of discriminatory, harassing and/or retaliatory conduct and fail to report and/or take appropriate remedial and/or corrective action in response shall be subject to corrective action.

Within thirty (30) days of the Effective Date, Defendant shall provide the EEOC with the proposed revisions in order to provide an opportunity for comment regarding the revisions.  Defendant shall implement its revised performance evaluation forms within ten (10) days of the final version of the policies and procedures.

In its semi-annual report, Defendant shall report the name, date, and nature of action taken to award or discipline an employee for complying or failing comply with this section.

H.    Staffing of Investigators or HR Department

Defendant shall employ a sufficient number of employees in the HR Department in order to comply with this Decree and ensure that Defendant complies with Title VII.  In order to substantially comply with this provision, Defendant shall hire and retain an appropriate level of HR staffing that the Monitor believes is appropriate to ensure that complaints of harassment, discrimination, and/or retaliation are properly handled. The Monitor and Defendant can consider outsourcing the investigation to qualified neutral third parties to offset any lack of staffing.  Defendant's HR employees shall be experienced and trained in conducting harassment and retaliation investigations. Defendant's HR employees shall conduct prompt investigations and ensure that immediate corrective and preventative measures are taken where employees are subjected to harassing, discriminatory or retaliatory conduct.  They are also tasked with assisting with audits and responding to the Hotline and following up accordingly.

The Monitor shall monitor Defendant's compliance with this Decree and

Title VII and may recommend that Defendant hire additional HR employees. The Monitor shall review the qualifications of Defendant's HR employees and may recommend additional training. The Monitor shall provide a report regarding Defendant's HR Department in a semi-annual report.

## XII. RECORD-KEEPING

Defendant shall work with the Monitor to establish a record-keeping procedure that provides for the centralized tracking of discrimination, harassment and retaliation complaints and the monitoring of such complaints to prevent retaliation, pursuant to Section XI.A. The records to be maintained by Defendant and/or the Monitor shall include:

A.    all documents generated in connection with any complaint, including but not limited to, documents relating to all investigations or resolutions of any complaints, the identities of all witnesses identified by the complainant and/or through Defendant's investigation, and all communications related to the complaint, its investigation, or its resolution, pursuant to Section XI.D;

B.    all forms acknowledging employees' receipt of Defendant's Final policy, Hotline information, and HR contact information, pursuant to Sections XI.D and E;

C.    all documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree, pursuant to Section XI.F.1;

D.    all documents generated in connection with the monitoring, counseling and disciplining of employees whom Defendant determined to have engaged in behavior that may be discriminatory, harassing and/or retaliatory or that failed to respond appropriately to complaints of discriminatory, harassing, or retaliatory conduct, pursuant to Section XI.D;

E.    all documents generated in connection with Defendant's confidential

follow-up inquiries into whether any complainant believes he or she has been retaliated against, pursuant to Section XI.D;

F.    all documents generated in connection with the establishment or review of performance evaluation measures for leads, supervisors and managers, pursuant to Section XI.G;

G.    all documents reflecting the corrective action taken in response to supervisory, managerial and/or lead employees that responded inappropriately to discriminatory, harassing, or retaliatory conduct, pursuant to Section XI.G;

H.    all documents generated in connection with the audits conducted by the Monitor as required by this Decree, pursuant to Section XI.C;

I.    all documents generated in connection with Defendant's Hotline, pursuant to Section XI.E, and

J.    all documents related to compliance with the terms of the Decree.

Defendant shall make the aforementioned records available to the EEOC within thirty (30) business days following a written request by the EEOC.

## XIII. REPORTING

In addition to the notice and reporting requirements above, Defendant shall provide the following reports to the EEOC in writing by mail or e-mail :

A.    <u>Initial Report</u>.

Within ninety (90) days after the Effective Date, Defendant shall submit to the EEOC an initial report containing:

1.    A copy of the Final Policy, the Internal Complaint Procedure, and the Hotline Flyer, for the EEOC's review and comment, pursuant to Section XI.D;

2.    A description of the trainings to be provided pursuant to this Decree and the name and contact information for the trainer(s) selected and an outline of the curriculum, for the EEOC's review and comment, pursuant to

Section XI.F.1;

      3.     Draft performance evaluation forms, revised pursuant to this Decree, for the EEOC's review and comment, pursuant to Section XI.G;

      4.     a statement confirming that the required notices pertaining to this Decree, including the Notice, the Final Policy, the Internal Complaint Procedure, the Hotline Flyer, and HR contact information have been posted and distributed to employees as required by this Decree, pursuant to Sections XI.B,D,and E;

      5.     a statement identifying the Monitor's assessment of the staffing level for the HR department;

      6.     a statement confirming that Defendant has complied with Section IX.  "Claimant Specific Injunctive Relief;"

      7.     The name and contact information of the specific professional individual or organization that Defendant proposes serve as the claims administrator, for the EEOC's review and comment, pursuant to Section VIII.C; and

    B.    <u>Reports Regarding Monetary Relief</u>

Defendant or the Claims Administrator shall submit to the EEOC the reports detailed in Section VIII, including but not limited to, reporting on a quarterly basis all checks issued, all checks cashed, and the funds remaining in the class fund, including any uncashed checks.

    C.    <u>Semi-Annual Report</u>.

    Within 180 days from the Effective Date, and semi-annually thereafter, Defendant and/or the Monitor shall submit to EEOC a semi-annual report containing:

      1.     a list of names of supervisors and managers who were not able to attend the trainings and verification that the training as set forth herein were

conducted;

   2. a copy of all complaints regarding discriminatory, harassing, and retaliatory conduct;

   3. a Complaint Log for all sexual harassment or retaliation complaints made in the previous 300 days and all complaints with an open investigation, that includes the following information:

    a. Name and contact information for the person making the complaint;

    b. Date(s) of the complaint (including all oral and written complaints);

    c. A description of the complaint;

    d. Names of any and all persons to whom the complaint was made;

    e. Names of any and all alleged perpetrators of discrimination harassment and/or retaliation;

    f. Date of investigation into each complaint of discrimination and/or retaliation;

    g. Names and contact information of any and all individuals involved in the investigation and their respective roles;

    h. Names of any and all individuals interviewed during the investigation;

    i. A summary of the investigation;

    j. A summary of how each complaint was resolved;

    k. Identity of each person involved in the resolution of the complaint;

    l. Summary of all information, including all documents, that were reviewed during the investigation and in reaching a

resolution as to each complaint;

m.    Summary of any and all monitoring that has been conducted following each complaint;

n.    Summary of all communication with the complainant regarding the complaint;

o.    Description of all corrective or remedial action taken, if any, in response to the complaint, as well as all rewards given to employees for complying with the Internal Complaint Procedure.

4.    an analysis of the monitoring done when more than one complaint is filed by or against a particular employee, as well as any investigation or resolution;

5.    a statement confirming that the required notices pertaining to this Decree, including the Notice, the Final policy, the Hotline, and HR contact information have been distributed to new employees as required by this Decree, pursuant to Sections XI.B, D, and E ; and

6.    confirmation of implementation of the Monitor's plan for the staffing of the HR Department.

The Semi-Annual Report shall also include the Monitor's report to the EEOC and Defendant that describes all work performed pursuant to this Decree and provides the Monitor's feedback and recommendations going forward.  The report shall include the Monitor's evaluation and recommendations following the audits and trainings conducted pursuant to this Decree as well as the sufficiency and competency of Defendant's HR Department.  Most importantly, the Monitor's report shall provide feedback regarding Defendant's compliance with this Decree, whether Defendant has responded appropriately to harassment and retaliation complaints, and whether employees believe that Defendant tolerates harassment and retaliation in the workplace.  The Monitor's report shall cover all

[PROPOSED] CONSENT DECREE

the Monitor's responsibilities, as detailed in Section XI.A.

    D.    <u>Exit Report</u>

    Defendant shall report to the EEOC at least 90 days prior to the expiration of this Decree regarding its compliance with this Decree.  Separately, the Monitor shall report to the EEOC at least 90 days prior to the expiration of this Decree covering all the Monitor's responsibilities, as detailed in Section XI.A, and providing feedback regarding Defendant's compliance with this Decree, whether Defendant has responded appropriately to harassment and retaliation complaints, and whether Defendant tolerates harassment and retaliation in the workplace.

## XIV. COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

    Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree.

## XV.  COSTS AND ATTORNEYS' FEES

    Each Party shall bear its own costs of suit and attorneys' fees.

## XVI. MISCELLANEOUS PROVISIONS

    A.    During the term of this Decree, Defendant shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

    B.    During the term of this Decree, Defendant and its successors shall ensure that each of its directors, officers, human resource personnel, managers, supervisors and leads is aware of any term(s) of this Decree which may be related to his/her job duties.

[PROPOSED] CONSENT DECREE

C.      Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of:

(1) For the EEOC:  the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012 and via email at anna.park@eeoc.gov.

(2) For Defendant:  Andrew Satenberg, Manatt, Phelps & Phillips LLP, 2049 Century Park East, Suite 1700, Los Angeles, California 90049 and via email at asatenberg@manatt.com.

D.      The parties agree to entry of this Decree and judgment subject to final approval by the Court.

E.      Confidentiality

All information, documents, reports, and communications created for, responsive to, or related to compliance with this Decree are confidential and not subject to disclosure unless the disclosure is necessary for compliance with this Decree or EEOC enforcement efforts.  Non-parties retained to effectuate compliance with the Decree, including but not limited to, the Claims Administrator and Monitor, are bound by this confidentiality and may not disclose or testify regarding any information, documents, reports, or communications created for, responsive to, or related to this Decree without express written consent of the EEOC.  The Parties confirm that such information, documents, reports, and communications are confidential under Title VII and other federal regulations and rules, and such confidentiality extends beyond the termination of this Decree.

## XVII.  COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts.  A facsimile signature shall have the same force and effect of an original signature or copy thereof.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Amended Decree as an Order of this Court.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: Sept. 25, 2024          By:     */s/ Anna Y. Park*
                                        Anna Y. Park, Regional Attorney
                                        Attorney for Plaintiff EEOC

Dated: Sept. 25, 2024          By:     */s/ Andrew L. Satenberg*
                                        Andrew L. Satenberg
                                        Attorney for Del Taco, LLC

Dated: Sept. 25, 2024          By:     */s/ Timothy P. Lindell*

                                        Representative for Del Taco, LLC
                                        Del Taco, LLC

## ORDER

The provisions of the foregoing Amended Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED. The Court hereby retains jurisdiction over this Consent Decree until its termination, as determined by this Court.

IT IS SO ORDERED.

Date: September 26, 2024

                              The Honorable Christina S. Snyder
                              United States District Court Judge

35